**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4238**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIE EDWARDS SIMMONS, a/k/a Hurt, a/k/a Hurt Cee, a/k/a Hurt Avenue,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:20-cr-00453-JFA-2)

———————

Submitted:  February 21, 2023                    Decided:  February 23, 2023

———————

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Andrew Robert de Holl, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Edward Simmons pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). As part of the plea agreement, Simmons agreed to waive his right to appeal his conviction and sentence. The district court sentenced Simmons to 87 months' imprisonment. Simmons timely appealed.

Counsel for Simmons has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but challenging the calculation of Simmons' advisory Sentencing Guidelines range and questioning the reasonableness of Simmons' within-Guidelines sentence. Although informed of his right to do so, Simmons has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appellate waiver included in Simmons' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11 of the Federal Rules of Criminal Procedure, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Simmons knowingly and voluntarily waived his right to appeal.

2

We therefore conclude that the waiver is valid and enforceable and that the issues counsel raises fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Simmons' appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*